# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : <br> : <br> : <br> : <br> : <br> : | Master File No. 12-md-02311 <br><br> Hon. Marianne O. Battani <br> Magistrate Judge Mona K. Majzoub |
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: WINDSHIELD WIPER SYSTEMS | : | Case No. 2:13-cv-00903-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: FAN MOTORS | : | Case No. 2:13-cv-02103-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: POWER WINDOW MOTORS | : | Case No. 2:13-cv-02303-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | | Case No. 2:13-cv-02403-MOB-MKM <br> Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | | Case No. 2:13-cv-02603-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | | Case No. 2:13-cv-02703-MOB-MKM |
| IN RE: AIR CONDITIONING SYSTEMS | | Case No. 2:13-cv-02803-MOB-MKM |
| IN RE: WINDSHIELD WASHER SYSTEMS | | Case No. 2:15-cv-03003-MOB-MKM |
| IN RE: SPARK PLUGS | | Case No. 2:16-cv-03803-MOB-MKM |
| IN RE: CERAMIC SUBSTRATES | | |

THIS RELATES TO:

END-PAYOR CASES

**AMENDED FINAL JUDGMENT APPROVING SETTLEMENT
AGREEMENT BETWEEN END-PAYOR PLAINTIFFS AND
DENSO AND ENTERING DISMISSAL
<u>WITH PREJUDICE AS TO DENSO</u>**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between End-Payor Plaintiffs ("Plaintiffs") and Defendants DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Automotive Deutschland GmbH, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., and ASMO Manufacturing, Inc. (collectively, "DENSO") set forth in the Settlement Agreement ("Agreement"), dated July 14, 2016 relating to the above-captioned actions (the "Actions"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this judgment approving the Agreement ("Judgment"). Accordingly, the Court directs entry of Judgment, which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Class Counsel, previously appointed by the Court (Cotchett, Pitre, & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P.), are appointed as Counsel for the Settlement Classes. These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

3. The Court has jurisdiction over the subject matter of this litigation, over the equitable non-monetary relief contained in paragraph 4, over the Actions, and over the parties to the Agreement, including all members of the Settlement Classes.

4. Plaintiffs, having filed complaints in the Actions alleging that DENSO conspired to rig bids, allocate markets and fix prices for the Alleged Parts (as defined in the Agreement), and DENSO, having denied Plaintiffs' allegations and having represented it would assert defenses thereto, have entered into the Agreement to settle the Actions with respect to the Alleged Parts to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by the Agreement, and to put to rest with finality all claims that have been or could have been asserted against DENSO with respect to Automotive Parts (as defined in the Agreement). DENSO has agreed for a period of 24 months from the date of the entry of this Judgment not to engage in conduct that constitutes a per se violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Automotive Parts. Pursuant to the Agreement, DENSO has agreed to provide specified monetary compensation to Plaintiffs, and to cooperate with Plaintiffs in connection with the continued prosecution of the Actions.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against DENSO, with Plaintiffs and DENSO to bear their own costs and attorneys' fees except as provided herein.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual or representative or derivative capacity, against the Releasees (as defined in the Agreement), in this

or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Classes of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any application for incentive awards for the Plaintiffs; and (e) the distribution of the settlement proceeds to the members of the Settlement Classes.

12. The persons and entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Classes and, therefore, are excluded. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. Nothing in this Judgment shall be construed as a determination by this Court that such persons and entities are members of any of the classes or proposed classes in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.

13. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

14. The Escrow Account, into which DENSO has deposited assets with a total value of U.S. $193,800,000 as the Settlement Amount (as defined in paragraph 23 of the Agreement), plus accrued interest thereon and net any expenses incurred as contemplated in paragraph 36 of the Agreement, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder. The Settlement Amount is allocated as follows:

- Automotive Wire Harness Systems: $14,531,801;
- Instrument Panel Clusters: $7,525,762;
- Fuel Senders: $187,823;
- Heater Control Panels: $14,676,679;
- Alternators: $50,449,261;
- Windshield Wiper Systems: $3,310,103;

- Radiators: $15,760,989;
- Starters: $9,709,228;
- Ignition Coils: $16,746,824;
- Motor Generators: $142,120;
- HID Ballasts: $1,424,803;
- Inverters: $142,120;
- Fan Motors: $142,120;
- Fuel Injection Systems: $19,392,650;
- Power Window Motors: $142,120;
- Automatic Transmission Fluid Warmers: $1,662,943;
- Valve Timing Control Devices: $4,362,039;
- Air Conditioning Systems: $21,836,133;
- Windshield Washer Systems: $362,978;
- Spark Plugs, Oxygen Sensors and Air Fuel Ratio Sensors: $9,760,366;
- Ceramic Substrates: $1,531,138.

15. The Court finds, pursuant to Rule 54(a) and (b), that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a final judgment, as to the parties to the Agreement.

16. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including DENSO, to contest certification of any other class proposed in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust*

*Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class.

17. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.


Date: September 25, 2017                    s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2017.

                                            s/ Kay Doaks
                                            Case Manager

## **Exhibit A**

- Willis Johnson
  1905 Flat Shoals Rd. SE
  Atlanta, GA 30316

- GEICO Corporation, Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO County Mutual Insurance Company, and GEICO Insurance Agency, Inc.
  C/O Dan Goldfine
  Lewis Roca Rothberger Christie LLP
  201 East Washington Street, Suite 1200
  Phoenix, AZ 85004